Sarah Fehm Stewart, Esq.
(*pro hac vice* pending*)*
**DUANE MORRIS LLP**
200 Campus Drive, Suite 300
Florham Park, NJ 07932
Tel: (973) 424-2000
Fax: (973) 424-2001
E-mail: sfstewart@duanemorris.com

Andrew E. Mina (SBN 323044)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Tel: (213) 689-7400
Fax: (213) 689-7401
E-mail: amina@duanemorris.com

Attorneys for Plaintiff
PROTAGENIC THERAPEUTICS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTAGENIC THERAPEUTICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> AXIOM REAL-TIME METRICS INC., <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR (1) BREACH OF CONTRACT; (2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; (3) UNJUST ENRICHMENT; (4) NEGLIGENCE; AND (5) CONVERSION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Protagenic Therapeutics, Inc. ("Plaintiff" or "Protagenic"), by its attorneys Duane Morris LLP, as and for its Complaint against Defendant Axiom Real-Time Metrics Inc. ("Defendant" or "Axiom"), alleges as follows:

**INTRODUCTION**

1. This is an action to recover damages incurred by Plaintiff due to Defendant's failure to meet its contractual obligations, negligence, and improper retention of funds prepaid to Defendant for services relating to clinical drug trials. As

DM1\16287636.1

COMPLAINT

of the date of this Complaint, $643,253.14 remains unlawfully and unjustly in Defendant's possession and, despite repeated demands, Defendant has refused to return the funds or otherwise perform as required under the parties' contract.

2.   Moreover, in the course of its deficient performance, Defendant committed several negligent acts, costing Plaintiff no less than $1.1 million in wasted funds and upwards of $750 million in projected lost sales.

3.   Plaintiff now brings this action for the return of its prepaid sums and for damages due to Defendant's breaches of contract and negligence.

## THE PARTIES

4.   Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 149 Fifth Avenue, Suite 500, New York, New York 10010.

5.   Defendant is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business at 5205 Satellite Drive, Mississauga, ON, L4W 5J7, Canada.  Defendant maintains an office in this State at 23442 Mill Creek Drive, Suite 120, Laguna Hills, California 92653 and employs multiple personnel there.  Defendant conducts business in California.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), in that there is complete diversity of citizenship with Plaintiff being a citizen of the States of Delaware and New York and Defendant being a citizen of the Country of Canada, and in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs because Plaintiff seeks, at a minimum, the $643,253.14 unlawfully and unjustly retained by Defendant.

7.   This Court has personal jurisdiction over Defendant because Defendant maintains an office in this State, employs personnel in this State and conducts business in this State.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because

Defendant is subject here to the Court's personal jurisdiction.

## DIVISIONAL ASSIGNMENT

9. Assignment to the Central Division is appropriate because Defendant maintains an office at 23442 Mill Creek Drive, Suite 120, Laguna Hills, California 92653, which is located within this Division.

## GENERAL ALLEGATIONS

10. Beginning in or about June 2023, Plaintiff and Defendant entered into an agreement by which Defendant would provide services to Plaintiff relating to clinical drug trials in exchange for payment ("Agreement").

11. Pursuant to the Agreement, Defendant invoiced Plaintiff and Plaintiff transmitted funds to Defendant as prepayment for Defendants' services.

12. Between June 2023 and May 2024, Plaintiff prepaid a total of $4,428,004.97 to Defendant.

13. Plaintiff's most recent prepayment to Defendant was on May 14, 2024 for $379,100.22.

14. Despite receiving $4,428,004.97 in prepaid funds, Defendant's work stalled in June 2024, co-incident with the departure of a key employee, Andrew Schachter.

15. From June 2024 through October 2024, Plaintiff expressed frustrations to Defendant that little or no progress was being made. Defendant responded by making false claims on weekly calls that progress was being made.

16. Plaintiff also expressed frustrations to Defendant regarding at least two acts of negligence which had a significant negative financial impact on Plaintiff.

17. For example, Defendant omitted a key document that was necessary for Plaintiff's June 18, 2024 clinical trial application to Health Canada (the department of the government of Canada responsible for the regulation of food and drugs). As a result, Health Canada rejected the application. The rejection directly and proximately caused a delay of at least five months, costing Plaintiff no less than $1.1 million in wasted

funds, and upwards of $750 million in projected lost sales.

18. Also for example, in August 2024, Axiom, without instruction from Protagenic to do so, submitted a written close-out request to Bundesinstitut für Arzneimittel und Medizinprodukte ("*BfArM*"), the medical regulatory body in Germany, despite the fact that the second half of Protagenic's Phase I trial was not complete. This resulted in Protagenic having to go through another approval process with BfArM, causing at least a month of delays and wasted funds.

19. On November 1, 2024, Defendant informed Plaintiff that it had paused work. As of this date, $643,253.14 of Plaintiff's prepaid funds remained with Defendant.

20. Plaintiff made demands to Defendant for the return of its prepaid funds, both verbally and in writing.

21. Defendant refused to comply.

## FIRST CAUSE OF ACTION
## (Breach of Contract)

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. Defendant entered into an Agreement with Plaintiff in which Defendant agreed to provide services to Plaintiff relating to clinical drug trials in exchange for payment.

24. Plaintiff made payment to Defendant and otherwise fully performed as required by Agreement.

25. Defendant, however, failed to provide the services to Plaintiff and paused all work as of November 1, 2024.

26. Defendant has therefore materially breached the Agreement.

27. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount no less than $643,253.14, in addition to interest, collection expenses and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## (Breach of the Implied Covenant of Good Faith and Fair Dealing)

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. The Agreement between the parties contains an implied covenant of good faith and fair dealing, which requires that neither party do anything that will have the effect of destroying or injuring the right of the other party to the benefit of the Agreement.

30. Defendant breached the implied covenant of good faith and fair dealing by, *inter alia*, acting in bad faith and/or with wantonly reckless, malicious or improper motive to deny Plaintiff the benefit of the bargain originally intended by the Agreement, specifically services relating to clinical drug trials.

31. As a direct and proximate result of Defendant's bad faith and/or wantonly reckless, malicious or improper motive, Plaintiff has been damaged in an amount no less than $643,253.14, in addition to interest, collection expenses and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## (Unjust Enrichment)

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff prepaid $643,253.14 to Defendant for services relating to clinical drug trials, from which Defendant benefited.

34. Plaintiff provided the $643,253.14 based upon Defendant's promise that it would provide services relating to clinical drug trials, and Plaintiff expected full and prompt completion of the services by Defendant.

35. Defendant failed to complete the services relating to clinical drug trials, and it would be unjust for Defendant to retain the benefit of Plaintiff's $643,253.14.

36. By reason of the foregoing, equity demands that Defendant compensate

Plaintiff in an amount no less than $643,253.14, in addition to interest, collection expenses and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Negligence)

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. During the course of the relationship between Plaintiff and Defendant, Defendant commited numerous negligence acts, including (1) failing to submit key documents that led to the rejection of Plaintiff's application with Health Canada, and (2) improperly submitting a close-out request to BfArM.

39. Defendant owed a duty of care to Plaintiff and breached that duty of care.

40. As a direct and proximate result of Defendant's negligence, Plaintiff has been damaged in an amount no less than $1.1 million, in addition to interest, collection expenses and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### (Conversion)

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff prepaid $643,253.14 to Defendant for services relating to clinical drug trials.

43. Plaintiff holds an ownership interest and/or right to possession of the $643,253.14.

44. Plaintiff provided files to Defendant in connection with the clinical drug trial services.

45. Plaintifff holds an ownership interest and/or right to possession of the files.

46. On November 1, 2024, Defendant informed Plaintiff that it had paused work, despite having agreed to provide Plaintiff services relating to clinical drug trials.

47. Despite having paused work, Defendant refused to return the

$643,253.14 or the files to Plaintiff, and wrongfully took the funds and files and interfered with Plaintiff's ability to use the funds and files.

48.  Defendant intentionally converted Plaintiff's files and funds without Plaintiff's consent.

49.  As a direct and proximate result of Defendant's conversion, Plaintiff has been damaged in an amount no less than $1.7 million, in addition to interest, collection expenses and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. Awarding Plaintiff no less than $1.7 million in compensatory damages, plus interest;

b. Awarding Plaintiff consequential damages due to Defendant's failure to meet its contractual obligations and wrongdoing;

c. Awarding Plaintiff punitive damages due to Defendant's actions in bad faith and/or with wantonly reckless, malicious or improper motive;

d. Awarding Plaintiff its reasonable attorneys' fees, costs and other expenses incurred in the prosecution of this action;

e. Awarding Plaintiff pre- and post-judgment interest; and

f. Awarding Plaintiff such other and further relief, both at law and in equity, to which Plaintiff is justly entitled.

///
///
///
///
///
///
///

DM1\16287636.1

4

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all causes of action and issues as provided in Federal Rule of Civil Procedure 38(b).

Dated: May 27, 2025

**DUANE MORRIS LLP**

By: */s/ Andrew Mina*
Andrew E. Mina
Sarah Fehm Stewart
(*pro hac vice* pending*)*

Attorneys for Plaintiff
PROTAGENIC THERAPEUTICS, INC.